UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER BROWN**,

            Plaintiff,

v.                                   **Case No. 14-cv-1066-pp**

**MILWAUKEE COUNTY SHERIFF'S DEPARTMENT and
DENTIST BRIAN CHYBOWSKI**,

            Defendants.

---

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DKT. NO. 39) AND DISMISSING THE FOURTH AMENDED COMPLAINT (DKT. NO. 37)**

---

The court screened the plaintiff's third amended complaint on May 8, 2015, Dkt. No. 32, and the defendants filed an answer to that complaint on May 28, 2015, Dkt. No. 36. The next day, the court received both a fourth amended complaint from the plaintiff, Dkt. No. 37, and a motion to dismiss and supporting brief from defendant Milwaukee County Sheriff's Department, Dkt. Nos. 39, 40.

### Motion to Dismiss

The court first addresses defendant Milwaukee County Sheriff's Department's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The defendants argue that the Milwaukee County Sheriff's Department is not an entity which can be sued under 42 U.S.C. §1983. They also argue that the plaintiff may not proceed on a claim against Milwaukee County (instead of the Milwaukee County Sheriff's Department) because the plaintiff's

1

third amended complaint did not suggest that any of his alleged deprivations of constitutional rights were the result of a custom, policy or practice of Milwaukee County.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires a plaintiff to clear two hurdles. First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Second, the allegations in the complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." Id. at 776 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

The Milwaukee County Sheriff's Department is not a governmental entity that can be sued under 42 U.S.C. §1983. "Sheriff's departments and police departments are not usually considered legal entities subject to suit, but 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.'" *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations omitted). *See also* Fed. R. Civ. P. 17(b)(3). The Seventh

Circuit Court of Appeals has held that a Wisconsin sheriff's department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit." *Whiting v. Marathon Cnty. Sheriff's Dep't.,* 382 F.3d 700, 704 (7th Cir. 2004), citing *Buchanan v. Kenosha,* 57 F.Supp.2d 675, 678 (E.D. Wis. 1999).

A plaintiff may sue a government entity under §1983 ". . . when the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. City of New York Dep't of Social Serv's.,* 436 U.S. 658, 694 (1978). There must be a "direct causal link" between the alleged unconstitutional deprivation and the municipal policy or custom at issue. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).

Further, a government entity is liable under §1983 "only where the [government entity] *itself* causes the constitutional violation at issue." *Id.* at 386, citing *Monell,* 436 U.S. 658 at 695-95. The doctrine of "respondeat superior"—holding an employer liable for the actions of the employees—"will not attach under § 1983." *Id.*

The only reference to the Milwaukee County Sheriff's Department in the third amended complaint is a conclusory statement that it "failed to properly supervise dentist Chybowski." (Dkt. No. 24, p. 3). The complaint does not describe a policy or custom of inferior dental care or failure to train or supervise medical and dental professionals. The facts suggest only that the individual actions of the dentist resulted in deliberate indifference to the

3

plaintiff's dental needs. This is exactly the type of supervisory liability that the Supreme Court has held cannot be imposed under §1983.

For these reasons, the court will grant the Milwaukee County Sheriff's Department's motion to dismiss it as a defendant. The plaintiff may proceed only on his Eighth and Fourteenth Amendment claims that individual defendant Brian Chybowski was deliberately indifferent to the plaintiff's serious dental needs.

## **Fourth Amended Complaint**

Turning to the plaintiff's fourth amended complaint, the court notes that the plaintiff did not ask for leave to amend this complaint. Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once without a court's permission, if the party does so within twenty-one days of filing the original complaint. The court already has allowed the plaintiff to amend his complaint three times. The court's review of the fourth amended complaint reveals that there is no material difference from the third amended complaint. The plaintiff included a few additional facts in his fourth amended complaint, but those facts do not change the plaintiff's claims.

Because the third amended complaint clearly states the plaintiff's claims against defendant Chybowski, because the fourth amended complaint adds nothing of significance to those claims, and because the plaintiff did not seek leave to file the fourth amended complaint, the court will dismiss that complaint.

## **Conclusion**

The court **GRANTS** the defendant Milwaukee County Sheriff's Department's motion to dismiss (Dkt. No. 39), and **DISMISSES** the Milwaukee County Sheriff's Department as a defendant to this case. The court further **DISMISSES** the plaintiff's fourth amended complaint. (Dkt. No. 37). The third amended complaint remains the operative complaint.

Dated in Milwaukee this 26th day of June, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge