UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**CHRISTOPHER BROWN**,

                Plaintiff,

v.                               **Case No. 14-cv-1066-pp**

**DENTIST BRIAN CHYBOWSKI**,

                Defendant.
_____

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 44), DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 43) AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 46)**
_____

      The plaintiff is proceeding *pro se* and *in forma pauperis* on Eighth Amendment claims regarding the dental care he received from defendant Brian Chybowski at the Milwaukee County Jail.

      On July 2, 2015, the plaintiff filed a motion for summary judgment. Dkt. No. 43. The defendant responded, Dkt. No. 47, and the plaintiff has filed a reply brief, Dkt. No. 58.

      A week after he filed his motion for summary judgment, the plaintiff filed a motion asking the court to reconsider its dismissal of the Milwaukee County Sheriff's Department as a defendant. Dkt. No. 44. The defendant opposed this motion. Dkt. No. 51.

      On July 31, 2015, defendant Brian Chybowski filed a motion for summary judgment. Dkt. No. 46. The plaintiff filed an opposing brief, Dkt. No.

1

55, and the defendant replied, Dkt. No. 56. These matters are now before the court.

I.  **Plaintiff's Motion for Reconsideration (Dkt. No. 44)**

On May 29, 2015, the Milwaukee County Sheriff's Department filed a motion asking the court to dismiss it as a defendant, for failure to state a claim. Dkt. No. 39. On June 26, 2015, the court issued an order granting that motion, and dismissing the Sheriff's Department as a defendant. Dkt. No. 42. The court dismissed the Sheriff's Department because it appeared to the court that the plaintiff was trying to sue the Department in a supervisory capacity, as well as due to the fact that the plaintiff did not allege any wrongdoing on behalf of the Department itself. Id. In his July 9, 2015 motion to reconsider, the plaintiff suggests that he would have been able to state a more thorough claim against Milwaukee County if the defendants had provided him with his dental and medical records earlier. He also argues that *pro se* litigants should not be held to a heightened pleading standard. Dkt. No. 44.

Federal Rule of Civil Procedure 54(b) allows a judge to revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561

2

F.Supp. 656, 665-66 (N.D.Ill.1982), aff'd, 736 F.2d 388 (7th Cir.1984) (citation and footnote omitted)), amended by 835 F.2d 710 (7th Cir.1987); compare Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996) (providing nearly identical standard for motion under Rule 59(e)).

The court did not make a manifest error of law or fact when it dismissed the Milwaukee County Sheriff's Department as a defendant in this case. Nothing in the plaintiff's motion changes the fact that the Milwaukee County Sheriff's Department is not a governmental entity. Dkt. No. 42, p. 2-3. Additionally, the plaintiff did not state a policy claim against Milwaukee County. Monell v. City of New York Dep't of Social Serv's., 436 U.S. 658, 694 (1978) (A plaintiff may sue a government entity under §1983 ". . . when the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."). The court does not see how, if the plaintiff had had his medical and dental records, he would have been able to state a policy claim against the County.

The plaintiff's only allegation against the Milwaukee County Sheriff's Department was that it failed to properly supervise the defendant. As the court already has stated in its original order dismissing the Department, a government entity can be found liable under §1983 "only where the [government entity] *itself* causes the constitutional violation at issue." City of Canton, Ohio v. Harris, 489 U.S. 378, 386 (1989) (citing Monell, 436 U.S. 694-

3

95). The doctrine of "respondeat superior"—holding an employer liable for the actions of the employees—"will not attach under § 1983." Id.

For all of these reasons, the court will deny the plaintiff's motion for reconsideration of the court's order dismissing the Milwaukee County Sheriff's Department as a defendant.

## II. Plaintiff's Motion for Summary Judgment

On July 2, 2015, the week before the plaintiff filed his motion to reconsider, he filed a motion asking the court to grant summary judgment in his favor. Dkt. No. 43. It is unusual for a plaintiff to ask the court to file a motion for summary judgment; usually the defendant files such a motion, arguing that even if all of the facts that the plaintiff alleges are true and accurate, the law does not support a judgment in the plaintiff's favor. Nonetheless, the plaintiff has filed such a motion, and the court now considers it.

Fed. R. Civ. P. 56 governs motions for summary judgment. It allows a party to "move for summary judgment, identifying each claim or defense . . . on which" the party seeks summary judgment. Fed. R. Civ. P. 56(a). If the moving party can show "that there is no genuine dispute as to any material fact" and that that party "is entitled to judgment as a matter of law," the "court shall grant summary judgment," stating "on the record the reasons for granting or denying the motion." Id.

To prove that there are no genuine, factual disputes, the moving party must support the motion with "particular parts . . . in the record," such as

4

"depositions, documents . . . affidavits or declarations, stipulations," etc. Fed. R. Civ. P. 56(c)(1)(a). The moving party may show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(b). The court, however, "may consider other materials in the record," and not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

In 1986, the Supreme Court decided two cases which provided guidance to the lower courts in determining whether genuine issues of material fact exist. First, in <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242 (1986), the Court noted "that a mere existence of some alleged factual dispute between the parties will not defeat" a motion for summary judgment. Id. at 247-48. The Court defined a "genuine" issue of fact as one for which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. To defeat a motion, the non-moving party cannot "rest upon the mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> The court must make "the threshold inquiry of determining whether there is the need for a trial." <u>Id.</u> at 250. <u>See also</u> <u>O'Leary v. Accretive Health, Inc.,</u> 657 F.3d 625 (7th Cir. 2011).

Second, in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), the Supreme Court explained that Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."

5

Id. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case . . . renders all other facts immaterial." Id. The court must enter judgment for the moving party when "the nonmoving party has failed to make a sufficient showing on an essential element of her case." Id. See also O'Leary v. Accretive Health, Inc., supra.

Civil Local Rule 56 for the Eastern District of Wisconsin provides additional guidelines for parties filing motions for summary judgment. It requires the moving party to file the following documents with its motion:

> (A) a memorandum of law; (B) a statement setting forth any material facts to which all parties have stipulated; (C) a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law; and (D) any affidavits, declarations, and other materials.

Civ. L. Rule 56(b). Further, the opposing party has thirty days from service of the motion to file a response or objection, and the movant has fourteen days from service of the response to file a reply. Id. Finally, Civil Local Rule 7(e) allows the court to hear oral argument at its discretion. Civ. L. Rule 7(e).

As an initial matter, the court notes that the plaintiff's motion did not comply with the requirements of Civil Local Rule 56. He did not file a statement of stipulated material facts, a statement of material facts which he contends are not disputed, or any affidavits or declarations.

Further, the content of the plaintiff's motion does not support a request for summary judgment. The plaintiff's motion for summary judgment repeats the factual allegations he made in his complaint. He disagrees with a number of the defendant's medical conclusions. He recites certain responses he

6

received from the defendant in discovery. And he repeats his assertions that the defendant (as well as others who no longer are defendants in this case) violated his rights.

A motion for summary judgment is not a second chance to state one's claims. A motion for summary judgment is a motion that says, "Judge, even if all the facts that the *other side* alleges are true, there is *law* out there that says that I win. Here is that law—here are the names of the cases, and here is what they say that show that I win even if everything the defendant says is true." The plaintiff's motion for summary judgment does not assert this. It does not contain any law. It does not address the disagreements between the parties over the facts—and there are disagreements between the parties over the facts. Because such disagreements exist, and because the plaintiff has failed to provide the court with legal authority demonstrating that he is entitled to judgment, the court will deny the plaintiff's motion for summary judgment.

The court notes that in his motion for summary judgment, the plaintiff also states, toward the middle of the motion, "In regards to the Motion to Dismiss requested by the Defendant and the Milwaukee County Sheriffs department I respectfully object." Dkt. No. 43 at 3. As discussed above, the court already had granted the Milwaukee County Sheriff's Department's motion to dismiss on June 26, 2015; the court assumes that this statement in the plaintiff's motion for summary judgment was meant as a motion to ask the court to reconsider that decision. As the court already has stated in part I above, the court declines to grant such a motion.

7

**III.   Defendant's Motion for Summary Judgment**

When defendant Brian Chybowski filed his motion for summary judgment on July 31, 2015, he failed to provide the notice to the *pro se* plaintiff that is required by Civil Local Rule 56(a). A party filing a motion for summary judgment against a *pro se* party "must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion." Civil L.R. 56(a)(1)(A). The party must also provide the *pro se* litigant with copies of a number of Civil Local Rules and Federal Rule of Civil Procedure 56(c), (d), and (e). Civil L.R. 56(a)(1)(B).

The court will deny the defendant's motion for summary judgment without prejudice and give the defendant leave to refile. He need not refile the documents supporting his motion, but he must refile his motion for summary judgment and include the proper notice.

The court is aware that the plaintiff already has filed objections to the defendant's proposed findings of fact (Dkt. No. 52) and a brief in opposition to the defendant's motion for summary judgment (Dkt. No. 55). If, after the plaintiff receives from the defendant the notice required by the local rules, he wishes to amend his opposing brief, he may do so within thirty (30) days of receiving the newly-filed motion for summary judgment and the required

notice. If the plaintiff amends his response, the defendant may file a reply brief within the time specified by the local rules.

## IV. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration (Dkt. No. 44).

The court **DENIES** the plaintiff's motion for summary judgment. (Dkt. No. 43).

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for summary judgment. (Dkt. No. 46). The defendant may refile his motion for summary judgment within **fourteen (14)** days of the date of this order, and must, at that time, provide the plaintiff with the proper notice. The plaintiff's thirty (30) days to respond to the motion for summary judgment will not begin until he is served with the new motion. If the plaintiff amends his response to the defendant's motion for summary judgment, the defendant may file a reply within the deadline specified by the local rules.

Dated in Milwaukee, Wisconsin this 4th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

9