UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER BROWN**,

        Plaintiff,

    v.

**Case No. 14-cv-1066-pp**

**BRIAN CHYBOWSKI,**

        Defendant.

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT (DKT. NO. 61)

Plaintiff Christopher Brown is representing himself. On May 8, 2015, the court allowed the plaintiff to proceed on a deliberate indifference claim against the defendant, a dentist at the Milwaukee County Jail.[1] Dkt. No. 33. On July 2, 2015, the plaintiff filed a motion for summary judgment (Dkt. No. 43), which the court denied on January 4, 2016 (Dkt. No. 60). On July 31, 2015, the defendant filed a motion for summary judgment (Dkt. No. 46), which the court denied without prejudice on January 4, 2016 (Dkt. No. 60). The defendant filed an amended motion for summary judgment on January 4, 2016. Dkt. No. 61. That motion is fully briefed and ready for a decision.

---

[1] In that order, the court also allowed the plaintiff to proceed against the Milwaukee County Sheriff's Department (MCSD); however, the court dismissed the MCSD as a defendant on June 26, 2016. Dkt. No. 42.

1

## I. FACTS[2]

The plaintiff is suing Brian Chybowski, a dentist employed at the Milwaukee County Jail who treated the plaintiff while the plaintiff was incarcerated there. Dkt. No. 50 ¶40. The Milwaukee County Jail booked and medically screened the plaintiff on May 27, 2014. Id. ¶1. At that time, the plaintiff informed the nurse that he had no pain in his teeth or gums. Id. at ¶2.

On June 12, 2014, the plaintiff requested to be seen for dental needs. Id. at ¶4. A nurse performed a dental screening the next day, and recommended that the dentist extract two teeth, numbers 19 and 31. Id. at ¶5, 6. Four days later, on June 17, 2014, the defendant examined the plaintiff. Id. at ¶7. The defendant took x-rays and confirmed that teeth 19 and 31 needed to be extracted. Id. at ¶8. The defendant also diagnosed a potential infection, placed the plaintiff on a routine course of antibiotics, and scheduled the plaintiff for an extraction of tooth 19 or tooth 31 on June 24, 2014. Id. at ¶10. On the scheduled day, the defendant extracted tooth 31 without significant complications. Id. at ¶11.

On July 16, 2014, the plaintiff requested another dental appointment. Id. at ¶14. The defendant examined the plaintiff on July 17, 2014, and determined that the area from which tooth 31 had been extracted had healed properly. Id.

---

[2] The court takes the facts from the "Defendant's Proposed Findings of Facts." (Dkt. No. 50). Where plaintiff failed to dispute the defendant's proposed facts, those facts are deemed admitted for the purpose of deciding summary judgment. Civ. L. R. 56(b)(4). The court takes additional facts from the plaintiff's sworn motion for summary judgment (Dkt. No. 43) and his sworn third amended complaint, which the Seventh Circuit has instructed district courts to construe as an affidavit at the summary judgment stage. Ford v. Wilson, 90 F.3d 245, 246-47 (7th Cir. 1996).

at ¶16. The defendant then scheduled an extraction of tooth 19 for July 31, 2014. Id. at ¶17.

On July 31, 2014, despite several attempts, the defendant was unable to numb the area of tooth 19. Id. at ¶18. The defendant canceled the extraction because the defendant believed that an infection in the area of tooth 19 was preventing the local anesthetic agents from taking effect. Id. at ¶19. The defendant prescribed additional antibiotics and pain medication with codeine to treat the infection. Id. at ¶20.

The defendant examined the plaintiff again on August 12, 2014, but an x-ray confirmed the area of tooth 19 was still infected. Id. at ¶22, 23. The defendant ordered additional antibiotics, extending the course through August 30, 2014. Id. at ¶24. The defendant states that he anticipated extracting tooth 19 once the antibiotic therapy concluded. Id. at ¶25.

On August 24, 2014, the plaintiff indicated via a written health care request form that he would like his antibiotics extended until the "oral surgeon" saw him. Dkt. No. 49-3 at 52. On September 2, 2014, the defendant extended the antibiotics through September 23, 2014. Dkt. No. 50 ¶26.

On September 12 and September 24, the plaintiff submitted grievances complaining about having to wait so long for dental care. Dkt. No. 49-3 at 16, 21. He also submitted a dental request form. Id. at 50. On September 26, 2014, a nurse referred the plaintiff "to Dental ASAP." Id. The defendant states that on September 30, 2014, in response to these complaints, he renewed the plaintiff's

3

Case 2:14-cv-01066-PP   Filed 05/27/16   Page 3 of 9   Document 68

prescription for antibiotics and requested a referral to an oral surgeon. Dkt. No. 50 ¶29. The oral surgeon referral request was approved that day. Id.

## II. DISCUSSION

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be disputed or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be

4

admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

> B. <u>The Eighth Amendment's Deliberate Indifference Standard</u>

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard contains both an objective element (i.e., that the medical needs be sufficiently serious) and a subjective element (i.e., that the officials act with a sufficiently culpable state of mind). <u>Id.</u>

The defendant does not dispute that the plaintiff meets the objective prong of the above standard. In other words, by failing to address this prong, the defendant implicitly concedes that the plaintiff's tooth condition was an objectively serious medical condition, as that term is defined in the Eighth Amendment case law. The defendant argues only that the court should grant summary judgment in his favor because the plaintiff cannot satisfy the subjective prong, i.e., he cannot demonstrate that the defendant was deliberately indifferent to the plaintiff's tooth condition.

Establishing deliberate indifference under the subjective prong is a high standard; medical malpractice is insufficient, as is a mere disagreement with a medical professional's medical judgment. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Arnett v. Webster</u>, 658 F.3d 742, 751 (7th Cir. 2011). "A plaintiff can show that the professional disregarded the need only if the professional's

5

subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, 'no minimally competent professional would have so responded under those circumstances.'" Arnett, 658 F.3d at 751 (quoting Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)).

The plaintiff argues that the defendant demonstrated deliberate indifference when he failed to examine the plaintiff in person after August 12, 2014, did not refer the plaintiff to an oral surgeon until September 30, 2014, and failed to prescribe pain medication for the plaintiff's dental pain during the period of August 12, 2014, through September 30, 2014.

It is well established that a mere disagreement over the proper treatment does not create a constitutional claim. Chance v. Armstrong, 143 F.3d 698, 703 (7th Cir. 1998). "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Id. In certain circumstances, however, a medical professional may be deliberately indifferent if he consciously chooses "an easier and less efficacious" treatment plan. Id. "Whether a course of treatment was the product of sound medical judgment, negligence, or deliberate indifference depends on the facts of the case." Id.

Here, the defendant previously had decided that the plaintiff's tooth had to be extracted, and he initially decided that he could remove the tooth on his own without referring the plaintiff to an oral surgeon. The only reason that the defendant did not remove the tooth was because the surrounding area had become infected. On August 12, 2014, the defendant prescribed antibiotics

6

through August 30, 2014, to clear the infection so that he could remove the tooth. Up to that point, the defendant had provided adequate treatment.

The problem arose on August 30 and again on September 30, when the defendant prescribed additional rounds of antibiotics without determining whether the infection was still present, or determining whether he could no longer perform the extraction himself and needed to refer the plaintiff to an oral surgeon. The defendant states that he prescribed the subsequent rounds of antibiotics based on the plaintiff's report that the infection was still present, but it is unclear why the defendant, a trained medical professional, would defer judgment on that issue to a prisoner with no medical training. Similarly, the defendant states that he referred the plaintiff to an oral surgeon because the plaintiff kept asking to be referred to one, but the defendant appears to have made no independent finding that the referral was necessary. By referring the plaintiff to an oral surgeon, the extraction was further delayed, and, because the plaintiff left the jail prior to the appointment, the appointment never occurred.

The court finds that there is a genuine dispute of material fact regarding whether the above actions constituted deliberate indifference. A reasonable jury could conclude that the defendant demonstrated deliberate indifference when he chose to persist with the easier and less efficacious treatment of prescribing antibiotics (which did nothing for the rotten tooth and may not even have been necessary) rather than examining the plaintiff to determine whether the infection had cleared and whether he could remove the tooth on his own (or

7

whether referral to an oral surgeon was necessary). Accordingly, the court will deny the defendant's motion for summary judgment with regard to the defendant's decision to continue with the antibiotics.

There is no question of material fact, however, regarding the defendant's failure to prescribe pain medication. The plaintiff states that, apart from the first few days, the defendant did not prescribe pain medication for his dental pain. The defendant, on the other hand, argues that the plaintiff's pain, to the extent there was any, was under control. He states that the undisputed record establishes that the plaintiff received pain medication throughout his incarceration for other medical ailments, and that, with few exceptions, the plaintiff did not ask for additional pain medication. On the few occasions that he did request additional pain medication (for ailments other than dental pain), he received it.

Even viewing the evidence in a light most favorable to the plaintiff (the non-moving party), the court cannot conclude that a reasonable jury could find that the plaintiff's dental pain was not addressed. First, although the plaintiff states now that he was in pain, there is no documentary evidence to support this statement. In none of the many complaints, grievances, and medical notes did the plaintiff ever reference dental pain. He complains only about having to wait to see an oral surgeon and about running out of antibiotics.

Second, the plaintiff highlights that in seeking a referral for the plaintiff to an oral surgeon, the defendant included the phrase, "Pt is in a large amount of pain." Dkt. No. 50 at ¶47. The defendant explains, however, that he included

that phrase only as a way of bolstering the chances of the referral getting approved. And third, the record shows that the plaintiff received pain medication from medical staff for other ailments, which the defendant notes was sufficient to alleviate the plaintiff's dental pain. It doesn't matter that the defendant did not prescribe this medication or that the medication was not prescribed specifically for the dental pain. What matters is that the medication was sufficient to address the plaintiff's other ailments *as well as* his dental pain.

The Supreme Court has instructed, "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). That is the case here. The plaintiff's contention that he was in significant pain is so discredited by the record that the court finds that no reasonable jury would find in his favor on that issue.

## III. CONCLUSION

The court **ORDERS** that the defendant's amended motion for summary judgment (Dkt. No. 61) is **GRANTED IN PART and DENIED IN PART**. The court will recruit counsel to represent the plaintiff on his surviving claim.

Dated in Milwaukee, Wisconsin this 26th day of May, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge