UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER BROWN**,

        Plaintiff,

v.

**Case No. 14-cv-1066-pp**

**BRIAN CHYBOWSKI,**

        Defendant.

---

**DECISION AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION (DKT. NO. 73)**

---

On May 27, 2016, the court denied in part the defendant's motion for summary judgment. Dkt. No. 68. On July 19, 2016, the defendant filed a motion for reconsideration. Dkt. No. 73. The court will deny the defendant's motion.

An "interlocutory" order is one that decides only one issue in the case, rather than resolving the entire case. This court's partial denial of summary judgment didn't decide the entire case, so it was an "interlocutory" order. Federal Rule of Civil Procedure 54(b) governs motions for reconsideration of interlocutory orders. Patrick v. City of Chicago, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015). That rule states that a court may revise interlocutory decisions "at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." While the decision to reconsider an interlocutory order is within the discretion of the district court, "movants generally face an

1

uphill battle" in seeking reconsideration. See Fond du Lac Bumper Exc., Inc. v. Jui Li Enter. Co., 795 F. Supp. 2d 847, 849 (E.D. Wis. 2011). This is because courts grant such motions to reconsider only for the limited purposes of correcting manifest errors of law or fact or presenting newly discovered evidence. Id. at 849.

The defendant asks the court to reconsider its decision to deny his motion for summary judgment for three reasons: 1) the court misapplied the law as it relates to the proof necessary for the plaintiff to establish that the defendant's dental judgment amounted to deliberate indifference; 2) the court mistakenly accepted Mr. Brown's allegations as facts rather than requiring him to provide evidence to refute the defendant's evidence at the summary judgment stage; and 3) the court's conclusion that the plaintiff did not endure unnecessary, uncontrolled pain made it impossible for the plaintiff to establish that he suffered from an objectively serious medical condition. The court will address each argument in turn.

1. *The argument that the court misapplied the law relative to the plaintiff's lack of proof regarding whether the defendant's treatment decision was based on dental judgment.*

The defendant concedes that a medical professional's actions may amount to deliberate indifference if he or she chooses an easier and less efficacious treatment plan without exercising professional judgment. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). He argues that the plaintiff offered no evidence to establish that the defendant's decision to continue antibiotics without actually examining the patient was made without exercising

2

professional judgment. He contends that the "uncontroverted fact" is that "it is within accepted dental practice to continue the same course of antibiotic treatment for several months, if necessary, to clear the infection, as long as the patient remains relatively asymptomatic." (Dkt. No. 74 at 5.)

Regardless of what proof the plaintiff did or did not provide, the defendant has defeated his own argument. He himself states that continuing antibiotics for several months is appropriate *if necessary to clear an infection.* He also admits that after the plaintiff began to complain about pain and the need to have his tooth extracted, the defendant did not examine the plaintiff again to see if the infection was still present; he just re-upped the prescription. Under these admitted facts, the defendant could not have exercised any professional judgment to determine *if the antibiotics were still necessary* , because he did not examine the plaintiff to confirm whether the infection was still present. The problem is not that the defendant prescribed multiple rounds of antibiotics—the problem is that he prescribed multiple rounds of antibiotics without ever determining whether multiple rounds were necessary.

Further, the underlying condition the defendant was treating was the rotten tooth, not the infection. There is a question regarding whether administering multiple unnecessary rounds of antibiotics is an ineffective way to treat a rotten tooth. The defendant already had determined that extraction was the only way to deal with the rotten tooth, yet rather than implementing his own treatment plan, the defendant continued to prescribe antibiotics that may not have been necessary. As it did before, the court concludes that a

3

reasonable jury could find that such conduct amounted to deliberate indifference.

> 2. *The argument that, without pain and suffering, the plaintiff's Eighth Amendment claim fails.*

The defendant emphasizes that the court found that the plaintiff's claim of uncontrolled pain was unsupportable. Dkt. No. 74, 6-7. He argues that, because the court concluded that pain medication sufficiently addressed any dental pain, the plaintiff cannot establish at trial that any delay in extracting his tooth caused him harm. Id. at 7. The law cited by the defendant does not support his argument.

As the defendant notes, "[a] delay in the provision of medical treatment for painful conditions—even non-life-threatening conditions—can support a deliberate indifference claim so long as the medical condition is sufficiently serious *or* painful." Knight v. Wiseman, 590 F.3d 458, 466 (7th Cir. 2009) (citations omitted) (emphasis added). Similarly, "[a] significant delay in effective medical treatment also may support a claim of deliberate indifference, *especially* where the result is prolonged and unnecessary pain." Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010) (citations omitted) (emphasis added).

As the plaintiff points out, the language the defendant quotes from these cases does not state that a plaintiff *must* suffer pain during a delay in treatment in order to establish a claim for deliberate indifference. While the court agrees that whether a delay in treatment resulted in prolonged pain may be relevant to the analysis, it is not determinative.

4

Further, the Seventh Circuit recently clarified different circumstances in which deliberate indifference may arise. While delay in treatment was one way, another was "[i]f a prison doctor chooses an 'easier and less efficacious treatment' without exercising professional judgment . . . ." Petties v. Carter, 836 F.3d 722, 730 (7th Cir. 2016). In that scenario, whether a plaintiff's pain was addressed is less significant. The focus is more on whether the defendant failed to address the underlying issue by instead "putting a Band-Aid" on the symptoms.

Here, the plaintiff alleges that the defendant determined that his rotten tooth needed to be extracted. The impediment to doing so was that the area around the tooth was infected. The defendant appropriately decided to treat the infection in order to clear the path for extraction. The potential problem arises when the defendant decided not to verify whether the infection was still present before extending the antibiotic course. If it was not, then the additional rounds of antibiotics were transformed from a means to clear the path to make extraction possible into a stall tactic to avoid implementing the treatment plan the defendant himself deemed necessary. A jury could reasonably conclude that the decision to appease the plaintiff by giving in to his requests for additional rounds of antibiotics, and a referral to an oral surgeon without confirming whether either one was necessary, amounted to deliberate indifference, because it was an easier and less efficacious option than confirming through an examination whether the infection was clear and then extracting the tooth.

> *3. The defendant's argument that, without needless pain and suffering, the plaintiff's condition did not amount to a serious medical need.*

To establish a claim for deliberate indifference, a plaintiff must satisfy both an objective element (that the medical need is sufficiently serious) and a subjective element (that the officials acted with a sufficiently culpable state of mind). Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). The court found that the defendant failed to dispute that the plaintiff met the objective prong, implicitly conceding that the plaintiff's rotten tooth was an objectively serious medical condition. Dkt. No. 68 at 5.

The defendant asserts that the court misunderstood his argument. He states that he did not concede this point; he implicitly contested it by demonstrating that the plaintiff did not needlessly experience any pain. This argument fails. Even assuming that the defendant did not concede this point (which he did), the plaintiff still would have satisfied this prong of the deliberate indifference standard.

To satisfy the objective component, a plaintiff must demonstrate that the medical need is "objectively, sufficiently serious." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005) (citations omitted). "A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." Id. (citations omitted).

Here, the defendant determined the plaintiff's rotten tooth needed to be extracted. Because the defendant diagnosed a condition that mandated treatment, the plaintiff satisfied the objective prong of the standard.

## Conclusion

The court **DENIES** the defendant's motion for reconsideration (Dkt. No. 73). The court will contact the parties to arrange a scheduling conference to set a date for trial.

Dated in Milwaukee, Wisconsin this 23rd day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge